| | |
|---|---|
| Morris and Morris LLC<br>   Counselors At Law<br>4023 Kennett Pike, № 254<br>Wilmington, DE  19807<br>(302) 426-0400 | Weinstein Kitchenoff & Asher LLC<br>100 South Broad Street, Suite 705<br>Philadelphia, PA  19110-1061<br>(215) 545-7200 |

June 6, 2017

**BY ECF**
The Honorable Naomi Reice Buchwald
United States District Judge
U.S. Courthouse
500 Pearl Street
New York, NY  10007-1312

    Re:  *In re LIBOR-Based Financial Instruments Antitrust Litigation,* No. 11-MD-2262 (NRB);
          *Gelboim et ano. v. Credit Suisse Group, et al.*, No. 12 Civ. 1025 (NRB)

Dear Judge Buchwald:

      In accordance with Section 2.B. of Your Honor's Individual Practices, we write as interim class counsel for the Bondholder Plaintiff Action to request a pre-motion conference in the event the Court grants Bondholder Plaintiffs' Motion to Alter or Amend the Judgment and Grant Relief Therefrom to Address Proposed Class Action Settlements being filed contemporaneously herewith. We request a conference regarding Bondholder Plaintiffs' motion pursuant to Fed.R.Civ.P. 23(e) for preliminary approval of three settlements (the "Settlements"), including approving Bondholder Plaintiffs' selection of a claims administrator and escrow agent, conditional certification of a settlement class (the "Class"), and appointment of our two firms as settlement class counsel. We have previously informed the Court of these Settlements with Defendants Barclays Bank plc, UBS AG, and HSBC Bank plc ("Settling Defendants"). *See* letters to the Court dated October 26, 2016 (ECF 1624, 1625) and May 15, 2017 (ECF 1918).

      **Settlement Approval is Warranted.**

      If approved, the Settlements will create an aggregate fund totaling $36,100,000 for the benefit of Bondholder class members. *See* Declaration of Karen L. Morris and Robert S. Kitchenoff in Support of Bondholder Plaintiffs' Motion for Preliminary Approval of Settlements with Barclays Bank plc ("Barclays"), UBS AG ("UBS"), and HSBC Bank plc, for Conditional Certification of the Bondholder Settlement Class, and Appointment of Settlement Class Counsel ("Morris-Kitchenoff Decl.") ¶ 5, attached hereto. Bondholder Plaintiffs separately negotiated and entered into each of the Settlements. These Settlements resulted from arm's length negotiations which first began in January 2016, and included mediation conducted under the auspices of the Honorable Layn R. Phillips, U.S.D.J., ret. The Settlements offer an excellent result for the Class; are fair, reasonable, and adequate under the governing standards; and warrant approval.

      The Settlements meet the standard for preliminary approval. To evaluate preliminary approval, the Court should consider both the "negotiating process leading up to the settlement, i.e., procedural fairness, as well as the settlement's substantive terms, i.e., substantive fairness." *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803–04 (2d Cir. 2009). "Preliminary approval is not tantamount to a finding that [a proposed] settlement is fair and reasonable…. Instead, at this stage, [the Court] need only decide whether the terms of the Proposed Settlement are at least

sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard." ECF 861 at p. 5 (internal quotation marks and citation omitted). This requires only "what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n-E.R.R.s*, 627 F.2d 631, 634 (2d Cir. 1980).

Because these Settlements are the "product[s] of arm's length negotiations conducted by experienced counsel knowledgeable in complex class litigation," they enjoy a "presumption of fairness." *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 173-74 (S.D.N.Y. 2000). *See* Morris-Kitchenoff Decl. ¶¶ 29-31, 34-35, 37. "'[G]reat weight' is accorded to the recommendations of counsel, who are most closely acquainted with the facts of the underlying litigation." *In re PaineWebber Ltd. P'ships. Litig.*, 171 F.R.D. 104, 125 (S.D.N.Y. 1997). The use of a mediator "strengthen[s]" the presumption that the compromise is fair and reasonable. *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 CM PED, 2010 WL 4537550, at *14 (S.D.N.Y. Nov. 8, 2010).

Given that the Court has dismissed Bondholder Plaintiffs' claims, the $36.1 million aggregate settlement fund is clearly significant and fair.

The "*Grinnell* factors" for final approval of a class settlement[1] relevant to preliminary approval further support that approval is warranted. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), abrogated on other grounds by *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). First, "[f]ederal antitrust cases are complicated, lengthy, and bitterly fought, as well as costly," *In re Vitamin C Antitrust Litig.*, No. 06-MD-1738 BMC JO, 2012 WL 5289514, at *4 (E.D.N.Y. Oct. 23, 2012), and this case, commenced early in 2012, is no exception. It was dismissed in 2013 (ECF 286, *LIBOR I*); leave to amend was denied (ECF 389, *LIBOR II*); Plaintiffs' appeal was dismissed *sua sponte* by the Second Circuit (*In re LIBOR-Based Fin. Instr. Antitrust Litig.*, No. 13–3565 (L), 2013 WL 9557843 (2d Cir. Oct. 3, 2013)); the U.S. Supreme Court unanimously reversed and remanded (*Gelboim v. Bank of Am. Corp.*, — U.S. —, 135 S. Ct. 897, 190 L.Ed.2d 789 (2015) (*Gelboim I*)); the Second Circuit reversed and remanded (*Gelboim v. Bank of Am. Corp.*, 823 F.3d 759 (2d Cir. 2016) (*Gelboim II*), *cert. denied*, — U.S. —, 137 S. Ct. 814 (2017)), and this Court again dismissed the action (ECF 1676, *LIBOR VI*)). Even if an appeal were to reinstate the case, Bondholder Plaintiffs "must prove a factually complex case with genuine legal uncertainties." *See LIBOR*, 2014 WL 6851096, at *2.

As this list of rulings indicates, the stage of the proceedings, the third *Grinnell* factor, supports preliminary approval here. In addition, since 2012, the Court has rendered at least six lengthy rulings related to various claims in this multidistrict proceeding. *See* ECF Nos. 286, 389, 568, 1164, 1234, 1676. After the Second Circuit's *Gelboim II* decision, Bondholder Plaintiffs'

---

[1] (1) the complexity, expense and likely duration of the litigation, (2) the reaction of the class to the settlement, (3) the stage of the proceedings and the amount of discovery completed, (4) the risks of establishing liability, (5) the risks of establishing damages, (6) the risks of maintaining the class action through the trial, (7) the ability of the defendants to withstand a greater judgment, (8) the range of reasonableness of the settlement fund in light of the best possible recovery, and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. It is premature to consider factor two, the Class's reaction to the Settlements, since no notice has yet been disseminated. *Grinnell*, 495 F.2d at 463.

The Honorable Naomi Reice Buchwald
June 6, 2017
Page 3

counsel and their experts gained access to, and rigorously analyzed expansive productions from all defendants. These include, *inter alia*, emails, Bloomberg chats, telephone calls, and other communications within the defendant banks and with banks and institutions, as well as extensive transactional data concerning banks' borrowing and lending activities during the Class Period. Bondholder Plaintiffs' counsel have also obtained detailed information in attorney proffers and through discussions with counsel for each of the Settling Defendants. *See* Morris-Kitchenoff Decl. ¶¶ 19, 38. Finally, Bondholder Plaintiffs' counsel have benefitted from consultations with experts. Thus, the stage of the litigation supports preliminary approval of the Settlements.

Given the Court's numerous rulings and for other reasons as well, Bondholder Plaintiffs have consistently faced — and will continue to face — major risks that they will be unable to ultimately prevail in the Bondholder Action. These risks, as well as the risks associated with maintaining class certification throughout the litigation, the fourth, fifth and sixth *Grinnell* factors, warrant preliminary approval of the Settlements.

Regarding the seventh factor, while Settling Defendants clearly are major banks that could withstand a greater judgment than their respective Settlement amounts, "the defendant's ability to pay is much less important than the other factors, especially where the other *Grinnell* factors weigh heavily in favor of settlement approval." *In re Sinus Buster Prods. Consumer Litig.*, 2014 WL 5819921, at *11 (E.D.N.Y. Nov. 10, 2014).

The last two *Grinnell* factors "recognize the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005). In applying these factors, "[d]ollar amounts are judged not in comparison with the possible recovery in the best of all possible worlds, but rather in light of the strengths and weaknesses of plaintiffs' case." *In re "Agent Orange" Prod. Liab. Litig.*, 597 F. Supp. 740, 762 (E.D.N.Y. 1984). To recover, Bondholder Plaintiffs must first prevail on a second appeal and then establish liability, get a class certified and notified, prove damages, and succeed in upholding a favorable judgment on subsequent appeal. The eighth and ninth factors thus support preliminary approval.

Thus, under all applicable standards, the Court should grant preliminary approval of the Settlements.[2]

**Certification of the Class is Appropriate.**

Bondholder Plaintiffs respectfully request certification of the following Class:

all persons and entities (other than defendants in the Bondholder Action and their affiliated persons and entities) who owned (including beneficially or in "street name") any debt security that was assigned a unique identification number by the CUSIP system, on which interest was payable at any time between August 1,

---

[2] Following the submission of competitive bids from different alternative potential providers, Bondholder Plaintiffs' Counsel have, subject to Court approval, retained Garden City Group, LLC as the Claims Administrator. Bondholder Plaintiffs' Counsel likewise have, also subject to Court approval, retained Wilmington Savings Fund Society, FSB to serve as Escrow Agent in connection with the settlement proceeds. Both institutions have successful track records of performing class-action settlement services in a highly professional, efficient, and cost-effective fashion. Morris-Kitchenoff Decl. ¶ 48. Bondholder Plaintiffs seek the Court's approval of these appointments.

2007, and May 31, 2010[3], and where that interest rate was payable at a rate expressly tied to the U.S. Dollar LIBOR rate ("LIBOR-Based Debt Security"); provided, however that any such securities that were issued by any defendant, including its subsidiaries and affiliates, as obligor, are excluded from the definition of LIBOR-Based Debt Security.

UBS Settlement Agreement, Ex. 3 to Morris-Kitchenoff Decl., ¶ 3.2.; *see also* Barclays Settlement Agreement at ¶¶ 1.8 and 1.51 and HSBC Settlement Agreement at ¶¶ 1.6 and 1.46, Exs. 1 and 4 to Morris-Kitchenoff Decl.

Certification of the Class is appropriate because it meets all of the requirements of Fed.R.Civ.P. 23(a), as well as one of the requirements of Rule 23(b). *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). When considering certification of a settlement class, "courts must take a liberal rather than a restrictive approach." *Cohen v. J.P. Morgan Chase & Co.*, 262 F.R.D. 153, 157-58 (E.D.N.Y. 2009).

Under Rule 23(a)(1-4), the numerosity requirement is more than satisfied here. *See* First Amended Complaint (ECF 131) ("Complaint") ¶ 199 (over 5,200 Relevant LIBOR-Based Debt Securities with an outstanding face value in excess of $500 Billion). The Complaint (¶ 202) identifies numerous issues common to the Class. The typicality requirement is satisfied, because "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009). And Bondholder Plaintiffs will fairly and adequately protect the interests of the class, since they do not have interests that are antagonistic to those of the Class, and they have selected counsel who are qualified, experienced, and generally able to conduct the litigation. *See Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000).

The Class also satisfies the requirements of Rule 23(b)(3) that (i) common issues predominate over individual issues, and (ii) a class action is the superior method of adjudicating this controversy. Predominance is "readily met in certain cases alleging … violations of the antitrust law." *Amchem*, 521 U.S. at 625. Here, like most antitrust cases, the elements of the claims tend to be amenable to common proof, as liability focuses on the alleged unlawful actions of the defendants, not the actions of individual plaintiffs. Moreover, in this settlement context, a finding of predominance is easier, as long as other requirements of Rule 23 are met. *See Am. Int'l Grp. Secs. Litig.*, 689 F.3d 229, 240 (2d Cir. 2012).

The superiority requirement is applied more leniently in the settlement context because the Court "need not inquire whether the case, if tried, would present intractable management problems." *Amchem*, 521 U.S. at 620. The Class satisfies this requirement because there are many, geographically dispersed Class members. *See In re Currency Conversion Fee Antitrust Litig.*, 224 F.R.D. 555, 566 (S.D.N.Y. 2004). Further, the majority of Class members have neither the incentive nor the means to litigate these claims individually. A class action allows members of the Class to

---

[3] Pursuant to Paragraph 1.17 of the Barclays Settlement Agreement, Ex. 1 to Morris-Kitchenoff Decl., if the Bondholder Plaintiffs expand the Class Period in any amended pleading filed before the Court grants final approval, then the class period defined in the Barclays Settlement shall also be expanded to include "any such longer period."

The Honorable Naomi Reice Buchwald<br>
June 6, 2017<br>
Page 5

"pool claims which would be uneconomical to litigate individually," as "no individual may have recoverable damages in an amount that would induce him to commence litigation on his own behalf." *Id.* "Under such circumstances, a class action is efficient and serves the interest of justice." *Id.*

### **Bondholder Plaintiffs' Counsel Should be Appointed Class Counsel.**

Bondholder Plaintiffs' Counsel readily meet the standards of Rule 23(g) and should be appointed as counsel for the Class. For over five years, they have actively litigated the claims in this action, including appeals to the Supreme Court and the Second Circuit, and have committed substantial resources necessary to effectively and efficiently litigate the case. Morris-Kitchenoff Decl. ¶¶ 7-20, 38. Moreover, they have significant experience litigating antitrust class actions and were appointed by this Court as Interim Co-Lead Counsel in the Bondholder Action. ECF 206. Accordingly, the Court should now appoint the undersigned to be counsel for the Class.

### **Bondholder Plaintiffs will Separately Move for Approval of a Notice Plan and a Plan of Distribution.**

Bondholder Plaintiffs respectfully propose deferring to a later motion the Court's consideration of plan of allocation and form and manner of notice of the Settlements. Counsel will then propose plans that reflect the input from economic, notice, and possibly other consultants. Bondholder Plaintiffs expect to file this motion as soon as practicable after completion of the necessary data analysis and but-for modeling. This is the practical approach the Court previously adopted in preliminarily approving, for example, the Exchange-Based Plaintiffs' settlement with Barclays, ECF 861, and the OTC Plaintiffs' settlement with Barclays, ECF 1678.

The motion papers we anticipate filing, should the Court grant permission to do so, are here attached.

Respectfully,

| | |
|---|---|
| /s Karen L. Morris | /s David H. Weinstein |
| Karen L. Morris | David H. Weinstein |
| Patrick F. Morris | Robert S. Kitchenoff |
| R. Michael Lindsey | |

*Interim Co-Lead Counsel for the Bondholder Class*

Of Counsel:
Thomas C. Goldstein
Eric F. Citron
Goldstein & Russell, P.C.
7475 Wisconsin Avenue, Suite 850
Bethesda, MD 20814
(202) 362-0636