```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
In re:

LIBOR-Based Financial Instruments
Antitrust Litigation.

This Document Applies to:

Bondholder Plaintiff Action

----------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/5/17
```

MEMORANDUM AND ORDER

11 MD 2262 (NRB)

12 CV 1025 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Before the Court is the Bondholder plaintiffs' motion for preliminary approval of their settlements with Barclays Bank plc ("Barclays"), UBS AG ("UBS"), and HSBC plc ("HSBC"). ECF No. 1947.

"Preliminary approval of a proposed settlement is the first in a two-step process required [by Federal Rule of Civil Procedure 23(e)] before a class action may be settled." In re NASDAQ Mkt.-Makers Antitrust Litig., 176 F.R.D. 99, 102 (S.D.N.Y. 1997). At this stage, all that is required is a showing that the settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval." Id.

Having reviewed the papers submitted with the motion, we find that the requisite showing has been made here. The Court

received no objections to the motion, and given the status of the Bondholders' action, the Court cannot conceive of a basis not to grant preliminary approval. Therefore, the motion for preliminary approval of the settlements is granted.

The Court certifies the following class for settlement purposes only:

> All persons and entities (other than defendants in the Bondholder Action and their affiliated persons and entities) who owned (including beneficially or in "street name") any debt security that was assigned a unique identification number by the CUSIP system, on which interest was payable at any time between August 1, 2007, and May 31, 2010, and where that interest was payable at a rate expressly tied to the U.S. Dollar LIBOR rate ("LIBOR-Based Debt Security"); provided, however, that any such securities that were issued by any Defendant, including its subsidiaries and affiliates, as obligor, are excluded from the definition of LIBOR-Based Debt Security.

The Court appoints Morris and Morris LLC Counselors At Law and Weinstein Kitchenoff & Asher LLC as Bondholder Settlement Class Counsel. Ellen Gelboim and Linda Zacher are appointed to serve as representatives of the Bondholder Settlement Class. The Court approves Garden City Group LLC as the Claims Administrator, and Wilmington Saving Fund Society FSB as Escrow Agent.

As soon as practicable, Bondholder Settlement Class Counsel shall submit to the Court for approval a plan of allocation and a notice plan.

Insofar as the parties wish to seek the Court's endorsement of any other topics raised in plaintiffs' proposed order, ECF No. 1947-7, they should be presented in a stipulation to be so-ordered by the Court.

**SO ORDERED.**

Dated: New York, New York
July 5, 2017

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE