UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION ) ) ) ) | ) | MDL No. 2262 |
| THIS DOCUMENT RELATES TO: Case No. 12-CV-1025 (NRB) | ) ) ) ) ) | Master File No. 1:11-md-2262-NRB ECF Case |

**[PROPOSED] ORDER APPROVING NOTICE PROGRAM AND PRELIMINARILY APPROVING PLAN OF ALLOCATION FOR SETTLEMENTS BETWEEN BONDHOLDER PLAINTIFFS AND BARCLAYS BANK PLC, UBS AG, HSBC BANK PLC, CITIBANK, N.A., CITIGROUP INC., JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., AND THE ROYAL BANK OF SCOTLAND GROUP PLC**

THIS CAUSE came before the Court on Bondholder Plaintiffs' Motion for Approval of Notice Program and Preliminary Approval of Plan of Allocation for Settlements with Barclays Bank plc, UBS AG, HSBC Bank plc, Citibank, N.A., Citigroup Inc., JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Bank of America Corporation, Bank of America, N.A., and The Royal Bank of Scotland Group plc (the "Settlements"), filed on May 21, 2020 (the "Motion");

The Court finding that the Notice Program satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process in that it constitutes the best notice practicable under the circumstances; and

The Court finding that the proposed Plan of Allocation is reasonable and should be sent to members of the Bondholder Settlement Classes prior to the Final Approval Hearing concerning the Settlements:

**IT IS** on this ___16th___ day of ___June___, 2020:

1

**ORDERED** that the Motion is **GRANTED** as follows:

1. Capitalized terms used herein shall have the same meaning as in the Bondholder Plaintiffs' memorandum in support of the Motion.

## I. SUBSTITUTION OF ESCROW AGENT

2. The Court approves the substitution of Huntington National Bank as Escrow Agent for the settlement accounts for each of the Bondholder Settlements.

## II. THE PLAN OF ALLOCATION

3. The Plan of Allocation set forth in Exhibit 1 to the Declaration of Karen L Morris and Robert S. Kitchenoff in Support of Bondholder Plaintiffs' Motion for an Order Approving Notice Program and Preliminary Approval of Plan of Allocation in Connection with Settlements between Bondholder Plaintiffs and Barclays Bank plc, UBS AG, HSBC Bank plc, Citibank, N.A., Citigroup Inc., JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Bank of America Corporation, Bank of America, N.A., and The Royal Bank of Scotland Group plc (the "Morris-Kitchenoff Declaration") is preliminarily approved. By preliminarily approving the Plan of Allocation, the Court does not sanction the use of Professor Fernando Alvarez's methodology for any purpose other than the Settlements.

## III. THE NOTICE PROGRAM

4. The Notice Program as herein provided is approved.

5. The Notice and the Summary Notice, set forth, respectively, as Attachments 2 and 3 to the Declaration of Cameron R. Azari Regarding Notice Program, are approved and may be disseminated in substantially such forms.

6. By July 13, 2020 (the "Initial Notice Mailing Date"), the Claims Administrator, Epiq, shall cause Claim Packets (consisting of the Notice and the Proof of Claim Form) to be

disseminated via first class to brokers and nominees. Epiq will ensure that Claim Packets are mailed out thereafter on a rolling basis as potential members of the Settlement Classes are identified pursuant to the Broker Outreach and the Notice Program.

7. Epiq shall commence the Publication Notice Program on July 13, 2020, or as soon thereafter as is practicable (the "Publication Notice Commencement Date").

8. The media for the Publication Notice Program shall include: *The Wall Street Journal*, *IBD Weekly*, *The Bond Buyer*, Yahoo Finance, Investors.com, Barrons.com, MarketWatch.com, WSJ.com and Targeted Digital Audience Network, as well as PR Newswire's US1 newsline.

9. By the Initial Notice Mailing Date, Epiq shall cause copies of the Proof of Claim Form and the Summary Notice and Notice to be posted in downloadable form on the Bondholder Website specific to the Settlements, www.BondholderLIBORSettlements.com, and shall establish a toll-free telephone number, which shall be listed in the Notice and Summary Notice and posted on the Bondholder Website.

10. Also by the Initial Notice Mailing Date, Epiq shall establish a post office box where members of the Settlement Classes can send requests for exclusion or other correspondence relating to the Notice and the Settlements. The post office box address shall be listed in the Notice and Summary Notice and posted on the Bondholder Website.

11. Brokers and other nominees who acquired any U.S. Dollar LIBOR-Based Debt Securities for the beneficial interest of a member of the Settlement Classes during the Class Period shall, within fourteen (14) calendar days of Initial Notice Mailing Date, either: (a) provide to the Claims Administrator the name and last known address of each such beneficial owner, and the Claims Administrator will send a copy of the Claim Packet to each identified beneficial

owner; or (b) request additional copies of the Claim Packet, which will be provided to the brokers or nominees free of charge, and within seven (7) calendar days of receipt of those copies of the Claim Packets, mail a Claim Packet directly to each identified beneficial owner. Upon complying with either provision 11(a) or 11(b) of this Order, such brokers or nominees may seek reimbursement of their reasonable out-of-pocket expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought within thirty (30) calendar days of such compliance. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be deemed a Notice and Administration Cost and shall be paid from the Settlement Fund in accordance with the provisions of the Settlement Agreements.

## IV. ENTRY OF PROTECTIVE ORDER

12. The [Proposed] Protective Order between Bondholder Plaintiffs' Counsel and CUSIP Global Services, set forth as Exhibit 2 to the Morris-Kitchenoff Declaration (the "Protective Order") is hereby approved and entered.

## V. THE FINAL APPROVAL HEARING

13. The final approval brief and the requests for attorneys' fees and expenses and for service awards to the Settlement Class representatives will be due November 2, 2020.

14. The deadline to file reply memoranda concerning final approval of the Settlements, the requests for attorneys' fees and expenses and for service awards to the Settlement Class representatives, or any objections thereto, shall be November 24, 2020.

15. Epiq, the Claims Administrator, shall keep track of any and all objections and Requests for Exclusion. Epiq shall furnish such information to Bondholder Settlement Class Counsel and to Counsel for the Settling Defendants, and Bondholder Settlement Class Counsel

shall submit the same to the Court either in connection with the final approval briefing or, if objections or requests for exclusion are received after that brief is filed, with the reply briefs.

16. A final approval hearing (the "Fairness Hearing) is set for December 16, 2020, at 11:00 a.m. in Courtroom 21A at the Daniel Patrick Moynihan United States Courthouse, U.S. District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007. Without additional notice, the Court may change the Fairness Hearing's date, time, location, or how the Fairness Hearing will be conducted, and the Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlements. The Court may approve the Settlements, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Classes.

17. Any member of the Settlement Classes may hire his, her, or its own attorney, at his, her, or its own expense, to represent the member of the Settlement Classes in making written objections or in appearing at the Fairness Hearing. If any member of the Settlement Classes chooses to hire an attorney at his, her, or its own expense, that attorney must file a notice of appearance with the Court and serve it on Bondholder Settlement Class Counsel and counsel for Settling Defendants so that such notice is received fourteen (14) calendar days prior to the Fairness Hearing. Any attorney for a member of the Settlement Classes who does not file a notice of appearance within such period shall be represented by Bondholder Settlement Class Counsel.

18. All members of the Settlement Classes shall be bound by all determinations and judgments in the Bondholder Action concerning the Settlements, whether favorable or unfavorable to the Settlement Classes. If the Settlements are approved, all members of the Settlement Classes will be bound by the Settlements, including, but not limited to, the release of

the Released Claims provided for in the Settlements, and by any judgment or determination of the Court affecting the members of the Settlement Classes, regardless of whether or not a member of the Settlement Classes submits a Proof of Claim Form.

## VI. THE CLAIMS PROCESS

19. Members of the Settlement Classes who wish to participate in the Settlements and receive a distribution from the Net Settlement Fund shall timely complete and submit Proof of Claim Forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim Forms must be postmarked and filed or submitted electronically no later than December 28, 2020. Each Proof of Claim Form shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions set forth in the Proof of Claim Form. In all other cases, the Proof of Claim Form shall be deemed to have been submitted when it was actually received by the Claims Administrator.

20. Any member of the Settlement Classes who does not timely and validly submit a Proof of Claim Form within the time provided for above shall be barred from sharing in the distribution of the proceeds of the Settlement Funds, unless otherwise ordered by the Court, but nonetheless will be bound by all of the terms of the Settlements, including the releases provided therein, and shall be barred and enjoined from bringing any action, claim or other proceeding of any kind against any Releasee concerning any Released Claim, and shall be bound by any judgment or determination of the Court affecting the members of the Settlement Classes.

## VII. OBJECTING TO THE SETTLEMENTS

21. Any member of the Settlement Classes may appear and show cause why the proposed Settlements of the Bondholder Action should or should not be approved as fair,

reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Bondholder Settlement Class Counsel; provided, however, that no member of the Settlement Classes or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail a timely written objection with copies of any papers and briefs (an "Objection"). The deadline for members of the Settlement Classes to submit Objections will be November 17, 2020 (the "Objection Deadline"). To be valid, any Objection must comply with all procedures pertaining thereto specified in the Notice and must be filed with the Court and served on Class Counsel and Settling Defendants' Counsel by the Objection Deadline.

22. Any member of the Settlement Classes who does not make his, her, or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlements as set forth in the Settlement Agreements, to the Plan of Allocation, or to the award of attorneys' fees and expenses, unless otherwise ordered by the Court. By objecting to the proposed Settlements as set forth in the Settlement Agreements, the Plan of Allocation, and/or the award of attorneys' fees and expenses, or otherwise requesting to be heard at the Fairness Hearing, an objector shall be deemed to have submitted to the jurisdiction of the Court with respect to the objection and/or the request to be heard and the subject matter of the Settlements, including, but not limited to, enforcement of the terms of the Settlements.

**VIII. REQUEST FOR EXCLUSION FROM ANY SETTLEMENT CLASS**

23. The deadline for members of the Settlement Classes to file a Request for Exclusion from any of the Settlement Classes will be November 17, 2020 (the "Exclusion

Deadline"). To be valid, any Requests for Exclusion from any of the Settlements must comply with all procedures pertaining thereto specified in the Notice and must be filed with the Court and served on Class Counsel and Settling Defendants' Counsel by the Exclusion Deadline.

24. To be valid, a Request for Exclusion must state all of the information requested by the Notice. All Persons who submit valid and timely Requests for Exclusion from one or more of the Settlements in the manner set forth in the Notice shall have no rights under those Settlement Agreements, shall not share in the distribution of Settlement Funds from those Settlements, and shall not be bound by those Settlements or the Judgment entered in the Bondholder Action as to those Settlements. Any Person who fails to timely and validly file a Request for Exclusion, or whose Request for Exclusion is not otherwise accepted by the Court, shall be deemed a member of the Settlement Classes, and shall be deemed by operation of law to have released all Released Claims against the Releasees as defined in the Settlements.

**IT IS SO ORDERED.**

DATED: _____June 16__, 20_20_

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE