## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | ) ) ) ) | MDL No. 2262 |
| THIS DOCUMENT RELATES TO: Case No. 12-CV-1025 (NRB) | ) ) ) ) | Master File No. 1:11-md-2262-NRB ECF Case |

**[PROPOSED] FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL BETWEEN BONDHOLDER PLAINTIFFS AND BARCLAYS BANK PLC, UBS AG, HSBC BANK PLC, CITIBANK, N.A., CITIGROUP INC., JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., AND THE ROYAL BANK OF SCOTLAND GROUP PLC**

WHEREAS, an action is pending before this Court styled *Ellen Gelboim and Linda Zacher v. Credit Suisse Group AG, et al.*, Case No. 1025 (NRB), consolidated in *In Re Libor-Based Fin. Instruments Litig.,* No. 11-md-2262-NRB (the "Bondholder Action");

WHEREAS, Ellen Gelboim and Linda Zacher (the "Bondholder Plaintiffs") have moved pursuant to Federal Rule of Civil Procedure 23(e) for an Order (a) granting final approval to the settlements (collectively, the "Settlements") with Barclays Bank plc ("Barclays"), UBS AG ("UBS"), HSBC Bank plc ("HSBC"); Citibank, N.A. and Citigroup Inc. (collectively, "Citibank"), JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively "JPM"), Bank of America Corporation and Bank of America, N.A (collectively "BOA"), and The Royal Bank of Scotland Group plc ("RBS") (all together, the "Settling Defendants"); (b) certifying the Settlement Classes (as defined in ¶ 6 *infra*); granting final approval of the Plan of Allocation (defined in ¶ 5 *infra*); appointing Morris and Morris LLC Counselors At Law and Weinstein

1

Kitchenoff & Asher LLC as Counsel for the Settlement Classes; and (e) granting final approval of the Notice (as defined at ¶ 11 *infra*);

WHEREAS, on December 16, 2020, following due notice to the Settlement Classes (as hereinafter defined), the Court conducted a hearing to consider the aforesaid motion; and

WHEREAS, the Court has considered the said motion, including the Settlement Agreements and other documents submitted in connection with the Bondholder Plaintiffs' Motion for Final Approval of Settlements with the Settling Defendants, and good cause appearing therefore;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.      Unless indicated otherwise herein, all capitalized terms used in this Final Judgment and Order shall have the same respective meanings as in the Settlement Agreements.

2.      This Court has subject matter jurisdiction over the Bondholder Action and, solely for purposes of effectuating the Settlements and subject to the express limitations, if any, contained in the Settlement Agreements, has personal jurisdiction over Bondholder Plaintiffs, the Settling Defendants and all members of the Settlement Classes (as defined in ¶ 6 *infra*).

**I.      FINAL APPROVAL OF THE SETTLEMENTS**

3.       Upon review of the record, including the orders preliminarily approving the Settlements and the submissions in support of the Settlements and preliminary certification, the Court finds that each of the Settlements  is fair, reasonable, and adequate as to, and in the best interests of, all members of the respective Settlement Classes (as hereinafter defined and certified) who have not timely and validly excluded themselves in accordance with the procedures established by the Court, within the meaning of, and in compliance with all applicable requirements of, Federal Rule of Civil Procedure 23. In reaching this conclusion, the

Court has considered the factors set forth in *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.,* 209 F.3d 43 (2d Cir. 2000). Moreover, the Court concludes as follows:

a.　　The aggregate settlement funds totaled $68,625,000 ("Settlement Funds"), and consisted of the following: $7,100,000 paid by Barclays, $17,900,000 paid by UBS, $11,100,000 paid by HSBC, $7,025,000 paid by Citi, $6,250,000 paid by JPM; $6,250,000 paid by BOA, and $13,000,000 paid by RBS;

b.　　The Settlements were negotiated by counsel with significant experience litigating antitrust class actions; are the result of vigorous arm's length negotiations undertaken in good faith and included, in all but one instance, the assistance of a professional mediator experienced in complex cases; and fall within the range of possible approval;

c.　　The Bondholder Action is likely to involve contested and serious questions of law and fact, such that the value of immediate monetary recovery, in conjunction with the value of the prospective relief set forth in the Settlements, outweigh the uncertain possibility of future relief after protracted and expensive litigation; and

d.　　The judgment of Counsel for the Settlement Classes[1] that the Settlements are fair and reasonable, and the reaction of the members of the Settlement Classes to the Settlements, are entitled to great weight.

---

[1] Counsel for the Settlement Classes are Morris and Morris LLC Counselors At Law and Weinstein Kitchenoff & Asher LLC.

4.      Accordingly, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby grants final approval of each of the Settlements and directs the Settlements' consummation according to their terms.

## II.      FINAL APPROVAL OF THE PLAN OF ALLOCATION

5.      Upon review of the record, the Court finds that the *pro rata* Plan of Allocation that was preliminarily approved by the Court has a reasonable basis and is fair and adequate. Therefore, the Plan of Allocation is hereby finally approved in connection with the distribution of settlement funds.

## III.     CERTIFICATION OF THE SETTLEMENT CLASSES

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlements set forth in the Settlement Agreements. The settlement class for Barclays is defined as follows:

> all persons or entities (other than a Defendant and its employees, affiliates, parents, and subsidiaries) that owned (including beneficially in "street name") U.S. Dollar LIBOR-Based Debt Securities during the Class Period.
>
> "U.S. Dollar LIBOR-Based Debt Securities" means any U.S. dollar-denominated debt security (a) that was assigned a unique identification number by the CUSIP system; (b) on which interest was payable at any time during the Class Period; and (c) where that interest was payable at a rate based upon U.S. Dollar LIBOR ("USD LIBOR"). U.S. Dollar LIBOR-Based Debt Securities include, but are not limited to, any such bonds, corporate bonds, municipal bonds, government bonds, asset backed securities, residential mortgage backed securities, commercial mortgage backed securities, collateralized debt obligations and collateralized loan obligations. Excluded from the definition of U.S. Dollar LIBOR-Based Debt Securities are any such securities that were issued by any Defendant or its subsidiaries or affiliates as obligor.

The settlement class for UBS is defined as follows:

> The "Settlement Class" shall be composed of all persons and entities (other than defendants in the Bondholder Action and their affiliated persons and entities) who

4

owned (including beneficially or in "street name") any debt security that was assigned a unique identification number by the CUSIP system, on which interest was payable at any time between August 1, 2007, and May 31, 2010, and where that interest was payable at a rate expressly tied to the U.S. Dollar LIBOR rate ("LIBOR-Based Debt Security"); provided, however that any such securities that were issued by any defendant, including its subsidiaries and affiliates, as obligor, are excluded from the definition of LIBOR-Based Debt Security. The term LIBOR-Based Debt Security includes specifically without limitation government bonds, municipal bonds, corporate bonds, notes, debentures, certificates of deposit ("CDs"), collateralized securities, collateralized debt obligations, collateralized loan obligations, asset-based securities ("ABS"), and mortgage-backed securities ("MBS"). Excluded from the Settlement Class are Defendants; Released Parties; co-conspirators; the officers, directors, or employees of any Defendant, Released Party, or co-conspirator; any entity in which any Defendant, Released Party, or co-conspirator has a controlling interest; any affiliate, legal representative, heir, or assign of any Defendant, Released Party, or co-conspirator and any person acting on their behalf. Also excluded from the Settlement Class are any judicial officers presiding over this action and the members of their immediate families and judicial staffs, respectively.

The settlement class for HSBC is defined as follows:

all persons or entities (other than a Defendant and its employees, affiliates, parents, and subsidiaries) that owned (including beneficially in "street name") U.S. Dollar LIBOR-Based Debt Securities during the Class Period.

"U.S. Dollar LIBOR-Based Debt Securities" means any U.S. dollar-denominated debt security (a) that was assigned a unique identification number by the CUSIP system; (b) on which interest was payable at any time during the Class Period; and (c) where that interest was payable at a rate expressly linked to U.S. Dollar LIBOR ("USD LIBOR"). U.S. Dollar LIBOR-Based Debt Securities include, but are not limited to, any such bonds, corporate bonds, municipal bonds, government bonds, asset backed securities, residential mortgage backed securities, commercial mortgage backed securities, collateralized debt obligations and collateralized loan obligations. Excluded from the definition of U.S. Dollar LIBOR-Based Debt Securities are any such securities that were issued by any Defendant or its subsidiaries or affiliates as obligor.

The settlement class for Citi is defined as follows:

all persons and entities (other than defendants in the Bondholder Action and their affiliated persons and entities) who owned (including beneficially or in "street name") any USD LIBOR-Based Debt Security (defined below); provided, however, that any such securities that were issued by any Defendant, including its

subsidiaries and affiliates, as obligor, are excluded from the definition of LIBOR-Based Debt Security.

"U.S. Dollar LIBOR-Based Debt Security" means any U.S. dollar-denominated debt security (a) that was assigned a unique identification number by the CUSIP system; (b) on which interest was payable at any time during the Class Period; and (c) where that interest was payable at a rate expressly tied to U.S. Dollar LIBOR ("USD LIBOR"). Excluded from the definition of U.S. Dollar LIBOR-Based Debt Securities are any such securities that were issued by any Defendant or its subsidiaries or affiliates as obligor.

The settlement class for JPM and BOA is defined as follows:

all persons and entities (other than Defendants in the Action and their affiliated persons and entities) who owned (including beneficially or in "street name") any USD LIBOR-Based Debt Security; provided, however, that any such securities that were issued by any Defendant, including its subsidiaries and affiliates, as obligor, are excluded from the definition of USD LIBOR-Based Debt Security. Solely for purposes of the Settlement, the parties agree that Investment Vehicles are not excluded from the Settlement Class solely because they are, or are managed by, affiliates or subsidiaries of the Defendants.

"U.S. Dollar LIBOR-Based Debt Security" means any U.S. dollar-denominated debt security that was assigned a unique identification number by the CUSIP system, on which interest was payable at any time during the Class Period; and where that interest was payable at a rate expressly tied to U.S. Dollar LIBOR ("USD LIBOR").  Excluded from the definition of U.S. Dollar LIBOR-Based Debt Securities are any such securities that were issued by any Defendant or its subsidiaries or affiliates as obligor.

The settlement class for RBS is defined as follows:

All persons and entities (other than defendants in the Bondholder Action and their affiliated persons and entities) who owned (including beneficially or in "street name") any debt security that was assigned a unique identification number by the CUSIP system, on which interest was payable at any time between August 1, 2007, and May 31, 2010, and where that interest was payable at a rate expressly tied to the U.S. Dollar LIBOR rate ("LIBOR-Based Debt Security"); provided, however that any such securities that were issued by any Defendant, including its subsidiaries and affiliates, as obligor, are excluded from the definition of USD LIBOR-Based Debt Security.

"U.S. Dollar LIBOR-Based Debt Security" means any debt security that was assigned a unique identification number by the CUSIP system, on which interest was payable at any time during the Class Period; and where that interest was

payable at a rate expressly tied to U.S. Dollar LIBOR ("USD LIBOR"). Excluded from the definition of U.S. Dollar LIBOR-Based Debt Securities are any such securities that were issued by any Defendant or its subsidiaries or affiliates as obligor.

The settlement classes for Barclays, UBS, HSBC, Citi, JPM, BOA and RBS are collectively referred to as the "Settlement Classes".

7.      The Court's certification of the Settlement Classes as provided herein is without prejudice to, or waiver of the rights of any defendant to contest certification of any other class proposed in these actions *(i.e.,* the actions included in the above-captioned multi-district litigation). The Court's findings in this Final Judgment and Order shall have no effect on any motion to certify any class in this action in the future, and no party may cite or refer to the Court's approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify any such class. The findings that follow in Paragraphs 8-9 are limited to this particular Order and are made only in the context of these particular Settlements.

8.      The Court finds that the requirements of Rule 23 are satisfied solely for the purpose of effectuating the Settlements as follows:

a.      Pursuant to Rule 23(a)(1), the Court determines that the members of the Settlement Classes are so numerous that their joinder before the Court would be impracticable;

b.      Pursuant to Rule 23(a)(2), the Court determines that Bondholder Plaintiffs have alleged one or more questions of fact or law common to the Settlement Classes;

c.      Pursuant to Rule 23(a)(3), the Court determines that Bondholder Plaintiffs' claims are typical of the claims of the Settlement Classes;

7

d.      Pursuant to Rule 23(a)(4), the Court determines that Bondholder Plaintiffs will fairly and adequately protect the interests of the Settlement Classes;

e.      Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting only individual members of the Settlement Classes; and

f.      Pursuant to Rule 23(b)(3), the Court determines that a class resolution is superior to other available methods for the fair and efficient adjudication of this action.

9.      If the Effective Date does not occur with respect to any of the Settlements because of the failure of a condition that affects that Settlement, this certification of the corresponding Settlement Class shall be deemed null and void as to the parties subject to the relevant Settlement, without the need for further action by the Court or the affected Settling Defendant(s).

## IV.   CLASS COUNSEL

10.      Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and solely for settlement purposes, Morris and Morris LLC Counselors At Law and Weinstein Kitchenoff & Asher LLC are designated as Counsel for the Settlement Classes.

## V.   FINAL APPROVAL OF CLASS NOTICE

11.      Upon review of the record, the Court hereby finds that the forms and methods of notifying the members of the Settlement Classes and their terms and conditions have met the requirements of the United States Constitution (including the Due Process Clause), Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all members of the Settlement Classes of these proceedings and the matters set forth herein,

8

including the Settlements, the Plan of Allocation and the Fairness Hearing. Therefore, the Class

Notice is finally approved.

12.     No member of the Settlement Classes is relieved from the terms of the Settlement

Agreements, including the releases provided for therein, based upon the contention or proof that

such member of the Settlement Classes failed to receive actual or adequate notice. A full

opportunity has been offered to all members of the Settlement Classes to object to the

Settlements and to participate in the hearing thereon.

13.     The Court further finds that the notice provisions of the Class Action Fairness

Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed.

Thus, it is hereby determined that all members of the Settlement Classes are bound by this Final

Judgment and Order, except those Persons listed on Exhibit 1 to this Final Judgment and Order.

## VI.     AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND PAYMENT OF SERVICE AWARDS TO THE BONDHOLDER PLAINTIFFS

14.     Counsel for the Settlement Classes are awarded attorneys' fees in the amount of

$18,515,286.00. Counsel for the Settlement Classes are awarded reimbursement of

expenses in the amount of $   817,237.03   . The foregoing amounts shall be paid to Class

Counsel from the Settlement Funds pursuant to the terms, conditions, and obligations of the

Settlement Agreements, which terms, conditions, and obligations are incorporated herein. If, and

when, as a result of any appeal and/or further proceedings on remand, or successful collateral

attack, Counsel for the Settlement Classes' fees and expense award is overturned or lowered, or

any of the Settlements is terminated, or if there is an appeal and any order approving any of the

Settlements does not become final and binding upon the members of the respective Settlement

Class or Classes, then, within thirty (30) calendar days after receiving notice of such an order

9

from a court of appropriate jurisdiction, Counsel for the Settlement Classes shall refund to the respective Settlement Funds such fees and expenses previously paid to them from the Settlement Funds, plus interest thereon at the same rate as earned on the Settlement Funds, in an amount consistent with such reversal or modification. Each Counsel for the Settlement Classes, as a condition of receiving such fees and expenses, on behalf of itself and each partner, member, and/or shareholder of it, (including the law firm partners, members, and/or shareholders) shall be subject to the jurisdiction of the Court for the purpose of enforcing this Final Judgment and Order and the Settlement Agreements, and each shall be liable for repayment of the attorneys' fees and litigation costs and expenses allocated to such Counsel for the Settlement Classes, as well as accrued interest thereon. Upon application of any of the Settling Defendants, or their respective Counsel, the Court may summarily issue orders, including, without limitation, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt against any Counsel for the Settlement Classes or any of their partners, members, and/or shareholders should such Counsel for the Settlement Classes fail timely to repay fees and expenses pursuant to this paragraph.

15.    Plaintiffs Ellen Gelboim and Linda Zacher are each awarded the sum of $__25,000__, plus interest at the same rate as earned by the Settlement Funds, as reasonable costs and expenses and as a service award directly relating to their representation of the Bondholder Class.

16.    Epiq is awarded reimbursement of expenses in the amount of $375,000.00.

**VII.   OTHER PROVISIONS**

17.    The Court approves and directs the implementation of all the terms of the Settlements.

18.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreements.

19.     If this Final Judgment and Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Final Judgment and Order certifying the Settlement Classes shall be vacated *nunc pro tunc.*

20.     Upon the Effective Date, each of the Releasing Parties, regardless of whether such Releasing Party executes and delivers a proof of claim: (a) shall be deemed to have hereby fully and irrevocably waived, released, relinquished, and discharged all Released Claims against the Released Parties; (b) shall be forever permanently enjoined and barred from instituting, commencing or prosecuting any action, arbitration, or other proceeding asserting any Released Claim against any of the Released Parties in any jurisdiction; and (c) agree and covenant not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims. For the purposes of this Final Judgment and Order:

a.   With respect to Barclays:

(i)   "Released Parties" or "Released Barclays Parties" means Barclays and each of its respective past or present direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, joint ventures, predecessors, successors, agents, attorneys, legal or other representatives, insurers (including reinsurers and co-insurers), assigns, assignees, and current and former employees, officers, and directors of any other of the foregoing entities.

11

(ii) "Releasing Parties" means , individually and collectively, Bondholder

Plaintiffs and each and every Bondholder Class Member, on behalf of

themselves and any of their respective past, present, or future officers,

directors, stockholders, agents, employees, fiduciaries, beneficiaries, legal or

other representatives, partners, associates, trustees, parents, subsidiaries,

divisions, affiliates, heirs, executors, administrators, purchasers, predecessors,

successors, and assigns, and any other Person legally entitled to bring

Released Claims on their behalf or by reason of their relationship to any of the

foregoing Persons, whether or not they object to the settlement set forth in this

Agreement and whether or not they make a claim for payment from the Net

Settlement Fund.

(iii)"Released Claims" means any and all claims, causes of action, cross-claims,

counter-claims, charges, liabilities, demands, judgments, suits, obligations,

debts, setoffs, rights of recovery, or liabilities for any obligations of any kind

whatsoever whether class or individual, in law or equity or arising under

constitution, statute, regulation, ordinance, contract, or otherwise in nature, for

fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages,

whenever incurred, and liabilities of any nature whatsoever (including joint

and several), known or unknown, suspected or unsuspected, asserted or

unasserted, concerning U.S. Dollar LIBOR-Based Debt Securities which the

Settlement Class ever had, now has, or hereafter can, shall or may have,

representatively, derivatively, or in any other capacity, against the

Released Barclays Parties, arising out of or relating to the factual

12

predicate of the Action, including but not limited to (i) any such claims based upon, arising out of or relating to the acts, facts or events described in or underlying the FSA Final Notice, the DOJ Settlement, and the CFTC Order, and (ii) any such claims arising out of or relating to the defense or resolution of the Action. For the avoidance of doubt, Released Claims do not include: (a) claims that are the subject of the settlement agreement dated October 7, 2014 between Barclays and the Exchange-Based Plaintiffs; (b) claims that are the subject of the settlement agreement dated November 11, 2015 between Barclays and the OTC Plaintiffs, as modified in accordance with the Joint Declaration of OTC Plaintiffs and Barclays Bank PLC regarding the Settlement between OTC Plaintiffs and Barclays Bank PLC, executed on August 19, 2016; and (c) claims to enforce the Settlement Agreement.

b. With respect to UBS:

    (i) "Released Parties" means UBS, each of its past, present, and future, direct and indirect parents (including holding companies), subsidiaries, corporate affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, predecessors, and successors, and each of their respective current and former officers, directors, employees, managers, members, partners, agents, shareholders (in their capacity as shareholders of UBS), attorneys, legal or other representatives, trustees, heirs, executors, administrators, advisors, and assigns of each of the

foregoing. Released Parties does not include any of the other current Defendants.

(ii) "Releasing Parties" means , individually and collectively, Bondholder Plaintiffs and each and every Bondholder Class Member, on behalf of themselves and any of their respective past, present, or future officers, directors, stockholders,  agents, employees, fiduciaries, beneficiaries, legal or other representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, and any other Person legally entitled to bring Released Claims on their behalf or by reason of their relationship to any of the foregoing Persons, whether or not they object to the settlement set forth in this Agreement and whether or not they make a claim for payment from the Net Settlement Fund.

(iii) "Released Claims" means any and all manner of claims, rights, demands, suits, matters, issues, causes of action, cross-claims, counter-claims, charges, liabilities, obligations, debts, setoffs, rights of recovery or liabilities for obligations of any kind whatsoever (however demanded), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint or several), known or unknown, suspected or unsuspected, asserted or unasserted, arising from or relating in any way to any LIBOR-Based Debt Security not issued by any

14

Defendant or by any subsidiary or affiliate of any Defendant, as obligor, that were alleged or that could have been alleged in the Bondholder Action, from the beginning of time.

c.  With respect to HSBC:

(i) "Released Parties" means HSBC, HSBC Holdings plc, and each of their respective past or present direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, joint ventures, predecessors, successors, agents, attorneys, legal or other representatives, insurers (including reinsurers and co-insurers), assigns, assignees, and current and former employees, officers, and directors of any other of the foregoing entities.

(ii) "Releasing Parties" means, individually and collectively, Bondholder Plaintiffs and each and every Bondholder Class Member, on behalf of themselves and any of their respective past, present, or future officers, directors, stockholders, agents, employees, fiduciaries, beneficiaries, legal or other representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, and any other Person legally entitled to bring Released Claims on their behalf or by reason of their relationship to any of the foregoing Persons, whether or not they object to the settlement set forth in this Agreement and whether or not they make a claim for payment from the Net Settlement Fund.

15

(iii) "Released Claims" means any and all claims, causes of action,  cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, concerning U.S. Dollar LIBOR-Based Debt Securities which the Settlement Class ever had, now has, or hereafter can,  shall  or  may  have, representatively,  derivatively,  or  in  any  other  capacity,  against  the Released HSBC Parties, arising out of or relating to the factual predicate of the Action.

d.  With respect to Citi:

(i) "Released Parties" means Citi, its respective predecessors, successors, parents, affiliates, officers, attorneys, agents, insurers, and assigns, and all other current and former employees, officers, and directors of Citi.(ii) "Releasing Parties: means , individually and collectively, Bondholder Plaintiffs and each and every Bondholder Class Member, on behalf of themselves and any of their respective past, present, or future officers, directors, stockholders, agents, employees, fiduciaries, beneficiaries, legal or other representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns,

16

and any other Person legally entitled to bring Released Claims on their behalf
or by reason of their relationship to any of the foregoing Persons, whether or
not they object to the Settlement and whether or not they make a claim for
payment from the Net Settlement Fund.

(iii) "Released Claims" means, to the fullest extent that the law permits, any and
all claims, causes of action, cross-claims, counter-claims, charges, liabilities,
demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or
liabilities for any obligations of any kind whatsoever, whether class or
individual, in law or equity or arising under constitution, statute, regulation,
ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines,
debts, expenses, attorneys' fees, and damages, whenever incurred, and
liabilities of any nature whatsoever (including joint and several), known or
unknown, suspected or unsuspected, asserted or unasserted, concerning U.S.
Dollar LIBOR-Based Debt Securities which the Settlement Class ever had,
now has, or hereafter can, shall or may have, representatively, derivatively, or
in any other capacity, against the Released Citi Parties, arising out of or
relating to the factual predicate of the Action, including but not limited to (i)
any such claims based upon, arising out of or relating to the acts, facts, or
events described in or underlying the order issued by the CFTC concerning
Citi and U.S. Dollar LIBOR on or about May 25, 2016, and (ii) any such
claims arising out of or relating to the defense or resolution of the Action. For
the avoidance of doubt, Released Claims do not include: (a) claims that are the
subject of the settlement agreement dated July 27, 2017 between Citi and the

17

Exchange-Based Plaintiffs in the Exchange-Based Plaintiffs' Action; (b)

claims that are the subject of the settlement agreement dated July 27, 2017

between Citi and the OTC Plaintiffs in the OTC Plaintiffs' Action, and (c)

claims to enforce the Settlement.

e.  With respect to JPM and BOA:

(i) "Released Parties" means JPMorgan and BOA, and their respective

predecessors, successors and assigns, the respective direct and indirect

parents, subsidiaries, associates, and affiliates of each of the foregoing, and

the respective current and former officers, directors, employees, managers,

members, partners, agents (in their respective capacities as agents of

JPMorgan or BOA), shareholders (in their respective capacities as

shareholders of JPMorgan or BOA), attorneys, trustees, and legal or other

representatives, and the predecessors, successors, heirs, executors,

administrators, and assigns of each of the foregoing in their respective

capacity as such.

(ii) "Releasing Parties" means , individually and collectively, Bondholder

Plaintiffs and each and every Class Member on their own behalf and on behalf

of their respective predecessors, successors, beneficiaries, and assigns, the

direct and indirect parents, subsidiaries, divisions, and affiliates thereof, the

current and former officers, directors, employees, agents, stockholders,

trustees, fiduciaries, and legal or other representatives of each of the foregoing

(in their capacity as such), and the predecessors, successors, heirs, executors,

administrators, beneficiaries, and assigns of each of the foregoing, whether or

18

not they object to the Settlement and whether or not they make a claim for payment from the Settlement Fund to be established with respect to this Settlement.

(iii) "Released Claims" means any and all manner of claims (including unknown claims), debts, demands, rights, interests, actions, suits, causes of action, cross-claims, counter- claims, charges, judgments, obligations, setoffs, or liabilities of any obligations of any kind whatsoever (however denominated), whether class, individual or otherwise in nature, for fees, costs, penalties, damages whenever incurred, and liabilities of any nature whatsoever (including, without limitation, direct or indirect claims or demands for rescission, damages, interest, attorneys' fees, and any other costs, expenses or liabilities whatsoever, including joint and several), whether based on federal, state, local, statutory or common law, in equity, or on any other law, rule, regulation, ordinance, contract, or the law of any foreign jurisdiction, whether fixed or contingent, known or unknown, liquidated or unliquidated, suspected or unsuspected, asserted or unasserted, matured or unmatured, which the Releasing Parties or any of them, whether directly, representatively, derivatively, or in any other capacity, now or ever had against the Released JPMorgan and BOA Parties, arising from or relating in any way to any USD LIBOR-Based Debt Security not issued by any Defendant or by any subsidiary or affiliate of any Defendant, as obligor, that were alleged or that could have been alleged in the Action.

f.  With respect to RBS:

19

(i) "Released Parties" means RBS, its respective predecessors, successors, parents, affiliates, officers, attorneys, agents, insurers, and assigns, and all other current and former employees, officers and directors of RBS.

(ii) "Releasing Parties" means, individually and collectively, Bondholder Plaintiffs and each and every Bondholder Class Member, on behalf of themselves and any of their respective past, present, or future officers, directors, stockholders, agents, employees, fiduciaries, beneficiaries, legal or other representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, and any other Person legally entitled to bring Released Claims on their behalf or by reason of their relationship to any of the foregoing Persons, whether or not they object to the Settlement and whether or not they make a claim for and/or receive payment from the Net Settlement Fund.

(iii) "Released Claims" means, to the fullest extent that the law permits their release, any and all claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever, whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted,

concerning U.S. Dollar LIBOR-Based Debt Securities not issued by any

Defendant or by any subsidiary or affiliate of any Defendant, as obligor,

which the Settlement Class ever had, now has, or hereafter can, shall or may

have, representatively, derivatively, or in any other capacity, against the

Released RBS Parties, arising out of or relating to the factual predicate of the

Action, including but not limited to any such claims arising out of or relating

to the defense or resolution of the Action. For the avoidance of doubt,

Released Claims do not include claims to enforce the Settlement Agreement.

21.     Except as to any individual claim of those Persons who have validly and timely

requested exclusion from the Settlement Classes, as listed in Exhibit 1 hereto, all Released

Parties and Releasing Parties are bound by this Final Judgment and Order and by the Settlement

Agreements.

22.     The Court dismisses the Bondholder Action, as well as all of the Released Claims,

as against any of the Released Parties by the Releasing Parties, with prejudice. The Parties are to

bear their own costs, except as otherwise provided in the Settlements.

23.     The Court further orders that, as of the Effective Date, the Settling Defendants,

including any and all of their successors in interest or assigns, hereby release and forever

discharge any and all Settling Defendants' Claims, to the extent they relate to the subject matter

of the Bondholder Action or its prosecution, against Bondholder Plaintiffs, any of the members

of the Settlement Classes, and Counsel for the Settlement Classes. For the purposes of this Final

Judgment and Order, with respect to all of the Settlements, "Settling Defendants' Claims" means

any claim, including unknown claims, that any Released Party may have against a Releasing

Party or Counsel for the Settlement Classes relating to the institution, prosecution or settlement of the Bondholder Action, except for claims to enforce any of the terms of the Settlements.

24. Any Persons that have timely and validly requested exclusion from any of the Settlement Classes and are hereby excluded from that/those Class(es), are not bound by this Final Judgment and Order as it relates to the relevant Settlement(s), and may not make any claim or receive any benefit from that/those Settlement(s), whether monetary or otherwise.

25. This Final Judgment and Order shall not affect, in any way, the right of the Bondholder Plaintiffs or members of the Settlement Classes to pursue claims, if any, outside the scope of the Released Claims.

26. The Settlements, acts performed in furtherance of the Settlements and/or documents executed in furtherance of the Settlements may not be deemed or used as evidence of an admission or other statement supporting: (a) the validity of any claim made by Bondholder Plaintiffs, members of the Settlement Classes, or Counsel for the Settlement Classes (including the appropriateness of class certification); (b) any wrongdoing or liability of the Released Parties; or (c) any fault or omission of the Released Parties in any court, administrative agency, or other proceeding.

27. The Settlements shall not be offered or be admissible in evidence against Released Parties in any action or proceeding, except in an action or proceeding that is in furtherance of any of the respective Settlements' terms or brought to enforce its terms. Notwithstanding the foregoing, the Settlements may be filed in an action to enforce or interpret the terms of any of the respective Settlements and any other documents executed in connection with the performance of the agreements embodied therein. The Released Parties may file the Settlements and/or this Final Judgment and Order in any action that may be brought against them

in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

28.     The finality of this Final Judgment and Order shall not be affected, in any manner, by any appeals concerning the attorneys' fees and expenses awarded herein or any award to Bondholder Plaintiffs.

29.     If this Final Judgment and Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further consideration or appeal, this Final Judgment and Order shall be deemed vacated and shall have no force or effect whatsoever. In the event a Settlement is terminated in accordance with its terms, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Parties shall be deemed to have reverted to their respective status as of the Execution Date without prejudice and shall comply with all applicable provisions of their respective Settlement Agreements including, without limitation, the provisions of paragraphs 6.2 and 10.4 of the Barclays, HSBC, Citi and RBS Settlement Agreements, paragraphs 6.2 and 10.5 of the JPM/BOA Settlement Agreement, and paragraphs 7.2 and 11.3 of the UBS Settlement Agreement.

30.     Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains exclusive continuing jurisdiction over: (a) implementation of the Settlements, the Settlement Agreements and any award or distribution of monies under the Settlements and (b) all parties hereto for the purpose of construing, enforcing, and administering the Settlements and all future proceedings relating thereto.

31.     To the extent permitted by law, the Court bars claims against any Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts

paid or awarded in the Bondholder Action by way of any settlement, judgment or otherwise by any of the following:

    a.   Any of the other defendants currently named in the Bondholder Action;

    b.   Any other Person formerly named as a party in the Bondholder Action; or

    c.   Any other Person subsequently added or joined as a party in the Bondholder Action.

32.     To the extent permitted by law, the Court bars claims by any Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Bondholder Action by way of any settlement, judgment or otherwise by any against the following:

    a.   Any of the other defendants currently named in the Bondholder Action;

    b.   Any other Person formerly named as a party in the Bondholder Action; or

    c.   Any other Person subsequently added or joined as a party in the Bondholder Action.

33.     All agreements made and orders entered during the course of the Bondholder Action relating to the confidentiality of information shall survive the Settlements and this Final Judgment and Order and continue to be binding on the Parties, including but not limited to the Stipulation and Protective Order entered on March 21, 2016 (ECF No. 1347) and the Stipulated Protective Order between Bondholder Plaintiffs and CUSIP Global Services, entered on June 16, 2020 (ECF No. 3102).

34.     There is no just reason for delay in the entry of this Final Judgment and Order, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: <u>December 16</u>, 20<u>20</u>

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

**EXHIBIT 1**
**EXCLUSIONS FROM BONDHOLDER LIBOR SETTLEMENTS**

1. National Credit Union Administration ("NCUA"), as liquidating agent for:
   a. U.S. Central Federal Credit Union
   b. Western Corporate Federal Credit Union
   c. Members United Corporate Federal Credit Union
   d. Southwest Corporate Federal Credit Union
   e. Constitution Corporate Federal Credit Union

2. Principal Financial Group, Inc., and Principal Life Insurance Company and their related subaccounts

3. Principal Funds, Inc. and Principal Variable Contracts Funds, Inc, and the following related Funds and Accounts:
   a. Principal Funds, Inc. – Money Market
   b. Principal Funds, Inc. – Preferred Securities
   c. PFI – Bond & Mortgage Securities Fund
   d. PFI – Bond Market Index Fund
   e. PFI – Core Plus Bond Fund I
   f. PFI – Diversified Real Asset Fund
   g. PFI – Global Diversified Income Fund
   h. PFI – Government & Hight Quality Bond Fund
   i, PFI – Income Fund
   j. PFI – Inflation Protection Fund
   k. PFI – High Yield Fund
   l. PFI – High Yield Fund I
   m. PFI – Short-Term Income Fund
   n. Principal Variable Contracts Funds, Inc., - Money Market
   o. Principal Variable Contracts Funds, Inc., - Asset Allocation
   p. PVC – Balanced Account
   q. PVC – Bond & Mortgage Securities Account
   r. PVC – Government & High Quality Bond Account
   s. PVC – Income Account
   t. PVC – Short-Term Income Account

4. Leslie Ferguson

5. Prudential Investment Portfolios 2, f/k/a/ Dryden Core Investment Fund, o/b/o PGIM Core Short-Term Bond Fund (f/k/a Prudential Core Short-Term Bond Fund) and PGIM Core Ultra Short Bond Fund (f/k/a Prudential Core Taxable Money Market Fund)

6. Salix Capital US, Inc.

7.  City of Philadelphia and The Pennsylvania Intergovernmental Cooperation Authority

8.  Darby Financial Products and Capital Ventures International (and each of their respective direct and indirect parents, subsidiaries, divisions, and affiliates, including but not limited to Susquehanna Financial Group, LLLP and Susquehanna Government Products LLLP)

9.  Triaxx Prime CDO 2006-1 Ltd., Triaxx Prime CDO 2006-2 Ltd., and Triaxx Prime CDO 2007-1 Ltd.

10.  The Federal Home Loan Mortgage Corporation ("Freddie Mac")

11.  Federal Deposit Insurance Corporation ("FDIC"), as Receiver for the following failed financial institutions, including their predecessors in interest:
    a.  Amcore Bank, N.A
    b.  AmTrust Bank
    c.  California National Bank
    d.  Colonial Bank
    e.  Corus Bank, N.A.
    f.  Guaranty Bank
    g.  Imperial Capital Bank
    h.  IndyMac Bank, F.S.B.
    i.  Integra Bank, N.A.
    j.  Lydian Private Bank
    k.  Pacific National Bank
    l.  Park National Bank
    m.  R-G Premier Bank of Puerto Rico
    n.  Silverton Bank, N.A.
    o.  Superior Bank
    p.  United Commercial Bank
    q.  United Western Bank
    r.  Washington Mutual Bank
    s.  Westernbank Puerto Rico
    t.  San Diego National Bank

12. The following Schwab entities:
    a.  The Charles Schwab Corporation
    b.  Charles Schwab Bank, N.A.
    c.  Charles Schwab & Co., Inc.
    d.  Schwab Money Market Fund, a series of the Charles Schwab Family of Funds
    e.  Schwab Value Advantage Money Fund, a series of The Charles Schwab Family of Funds
    f.  Schwab Retirement Advantage Money Fund, a series of the Charles Schwab Family of Funds
    g.  Schwab Investor Money Fund, a series of the Charles Schwab Family of Funds

h.  Schwab Cash Reserves, a series of The Charles Schwab Family of Funds
i.  Schwab Advisor Cash Reserves, a series of The Charles Schwab Family of Funds
j.  Schwab U.S. Dollar Liquid Assets Fund, a series of Charles Schwab Worldwide Funds plc
k.  Schwab Short-Term Bond Market Fund, a former series of Schwab Investments
l.  Schwab Total Bond Market Fund, a former series of Schwab Investments
m.  Schwab YieldPlus Fund, a former series of Schwab Investments
n.  Schwab YieldPlus Fund Liquidation Trust