| | |
|---|---|
| Morris and Morris LLC<br>   Counselors At Law<br>4023 Kennett Pike, No. 254<br>Wilmington, DE  19807<br>(302) 426-0400 | Weinstein Kitchenoff & Asher LLC<br>150 Monument Road, Suite 107<br>Bala Cynwyd, PA  19004<br>(215) 545-7200 |

February 15, 2023

**BY ECF**
The Honorable Naomi Reice Buchwald
United States District Judge
U.S. Courthouse
500 Pearl Street
New York, NY  10007-1312

    Re: *In re LIBOR-Based Financial Instruments Antitrust Litigation,* No. 11-MD-2262 (NRB)
          *Gelboim, et al. v. Credit Suisse Group, et al.*, No. 12 Civ. 1025 (NRB)

Dear Judge Buchwald:

    Pursuant to Rule 2.E.1 of the Court's Individual Practices, we write to outline the arguments Bondholder Settlement Class Counsel advance in their Memorandum of Law in Support of Motion for Attorneys' Fees and Reimbursement of Litigation Expenses.

**Bondholder Settlement Class Counsel's Fee Request Is Fair & Reasonable.**

    Bondholder Settlement Class Counsel respectfully submit that our fee request is fair and reasonable. First, the requested fee, 28% of the settlement fund, is fair and reasonable under the percentage of the fund method, the method preferred in the Second Circuit. In fact, "[d]istrict courts in the Second Circuit routinely award attorneys' fees that are 30 percent or greater." *Fleisher v. Phoenix Life Ins. Co.*, No. 11-cv-8405, 2015 WL 10847814, at *12 (S.D.N.Y. Sept. 9, 2015) (citation omitted). Second, the requested fee is reasonable under the lodestar crosscheck. Bondholder Settlement Class Counsel's hourly rates are reasonable, and since October 1, 2020,[1] they have expended 3,071.7 hours, representing an aggregate lodestar of $3,114,351.50. *See* Declaration of Karen L. Morris and Robert S. Kitchenoff in Support of Class Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Morris-Kitchenoff Decl."), ¶¶ 6, 10-11. That time represents Bondholder Settlement Class Counsel's efforts in the Bondholder Action, including work in connection with the negotiation of three additional settlements[2] (the "Subsequent Settlements") with defendants MUFG Bank, Ltd., f/k/a Bank of Tokyo-

---

[1] Bondholder Settlement Class Counsel were previously awarded attorneys' fees for work performed from the inception of the case through September 30, 2020, in connection with the Bondholder Plaintiffs' settlements with seven other defendant banks: Barclays Bank plc, UBS AG, HSBC Bank plc, Citibank, N.A. and Citigroup Inc., JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A., Bank of America Corporation and Bank of America, N.A., and the Royal Bank of Scotland Group plc (the "Initial Settlements"). *See* ECF No. 3246.

[2] The Court granted final approval of the Initial Settlements on December 16, 2020. *See* Final Judgment and Order, (ECF No. 3246), (the "Final Judgment and Order"). The Initial Settlements created an aggregate Settlement Fund of $68.625 million, plus interest.

Mitsubishi UFJ Ltd. , Credit Suisse Group AG, and The Norinchukin Bank (collectively, the "Settling Defendants"), in the aggregate amount of $1,749,000 (the "Subsequent Settlement Funds").

A fee request of 28% of the Subsequent Settlement Funds, or $489,720.00, results in a cross check lodestar multiplier of less than 1.0. A crosscheck multiplier of less than 1.0 falls well below the range considered reasonable by courts in the Second Circuit. *See Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548 (RLE), 2012 WL 1320124, at *13 (S.D.N.Y. Apr. 16, 2012) ("Courts commonly award lodestar multipliers between two and six."). The Court previously approved Bondholder Settlement Class Counsel's request for fees in the amount of 28% of the $66,126,022 million settlement fund created from the Initial Settlements, which also had a lodestar multiplier of less than 1.0. ECF No. 3246 at ¶ 14.

In *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000), the Second Circuit set out the factors a district court should utilize in judging a requested fee award,[3] each of which confirms that the requested 28% fee is reasonable here. Bondholder Settlement Class Counsel satisfy the first factor – "time and labor expended by counsel" – having spent 3,071.7 hours prosecuting this case since October 1, 2020. As noted above, the lodestar multiplier (*i.e.*, less than 1.0) is well below the low end of the range approved by courts in this Circuit.[4]

Bondholder Settlement Class Counsel also satisfy the second factor – "the magnitude and complexities of the litigation." Throughout almost ten years, they aggressively prosecuted this action before this Court, the Second Circuit Court of Appeals, and the U. S. Supreme Court.

Bondholder Settlement Class Counsel's satisfaction of the third factor – risk of the litigation – is patently obvious. As a result of the Second Circuit's December 2021 decision, the second dismissal of the Bondholder Action is now final,[5] and the Subsequent Settlements are the only remaining opportunity for Bondholder Settlement Class members to recover on the claims in the litigation., Absent the Subsequent Settlements, there can be no further recovery in this Action.

---

[3] The *Goldberger* factors, which the Court weighs in its discretion, are: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. *Goldberger*, 209 F.3d at 50. .

[4] *See* Memorandum of Law in Support of Bondholder Plaintiffs' Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Memo of Law"), at pgs. 9-11 for a detailed, yet not exhaustive, list of Bondholder Settlement Class Counsel's activities in prosecuting the Bondholder Plaintiffs Action.

[5] Because no party timely sought certiorari review of the ruling, the Second Circuit decision is final.  *See* 28 U.S.C. § 2101(c). The only proceedings that remain before the Court in the Bondholder Action are final approval of the Subsequent Bondholder Settlements and distribution of the aggregate Bondholder settlement funds to the members of the Settlement Classes.

Bondholder Settlement Class Counsel respectfully submit that regarding the fourth factor – "the quality of representation" – the $1,749,000 aggregate settlement amount of the Subsequent Settlements, achieved after this Court's second dismissal of the Bondholder Action and resulting in a total of $70,374,000 recovered in settlements, is strong evidence of the quality of Bondholder Settlement Class Counsel's representation. Furthermore, the Settling Defendants are represented by skilled and highly regarded counsel from Sullivan & Cromwell LLP, Sidley Austin LLP, and Cahill Gordon & Reindel LLP, prestigious law firms with well-deserved reputations for vigorous advocacy in the defense of complex civil cases.

The fifth factor – "the requested fee in relation to the settlement" – also supports approval of the requested fee.[6] Finally, public policy considerations, the sixth factor, strongly favor incentivizing skilled private attorneys to undertake class action litigation both to vindicate the rights of class members and the law enforcement function of private action litigation.

**Bondholder Settlement Class Counsel's Expenses Should Be Reimbursed.**

Plaintiffs' Counsel also request reimbursement in the amount of $1,556.00 for out-of-pocket-expenses reasonably and necessarily incurred in connection with the prosecution of this case since October 30, 2020.[7] "[C]ounsel is entitled to reimbursement from the common fund for reasonable litigation expenses."[8] The expenses incurred by Bondholder Settlement Class Counsel include costs associated with on-line research and data analysis and licensing, which are clearly reasonable in a case of this type.

**Service Award for Bondholder Plaintiffs Is Appropriate.**

A $2,500 service award for each of the Bondholder Plaintiffs is appropriate. "Courts consistently approve awards in class action lawsuits to compensate named plaintiffs for the services they provide and burdens they endure during litigation." *Anwar v. Fairfield Greenwich Ltd.*, No. 09-cv-118, 2012 WL 1981505, at *2 (S.D.N.Y. June 1, 2012). Each of the Bondholder Plaintiffs has provided necessary service to the Bondholder Class over the course of the litigation, including in connection with the review and approval of the Supplemental Settlements. Courts routinely approve incentive awards to class representatives who provide similar services to a class. *See, e.g.*, *Sewell*, 2012 WL 1320124, at *15 (approving incentive awards where the named plaintiffs "served class members by providing counsel with relevant documents in their possession, assisting counsel to prepare for the mediation, participating in litigation strategy, and reviewing and commenting on the terms of the settlement." (internal quotation marks omitted)).

---

[6] *See* Memo of Law, at pgs. 3-15.

[7] In connection with the Initial Settlements, Bondholder Settlement Class Counsel were reimbursed for litigation expenses incurred from the inception of the case through October 30, 2020. *See* ECF No. 3246.

[8] *Athale v. Sinotech Energy Ltd.*, No. 11-cv-05831, 2013 WL 11310686, at *9 (S.D.N.Y. Sept. 4, 2013).

The Honorable Naomi Reice Buchwald<br>
February 15, 2023<br>
Page 4

  The motion papers we anticipate filing, should the Court grant permission to do so, are submitted herewith.

Respectfully,

| | |
|---|---|
| */s Karen L. Morris* | */s Robert S. Kitchenoff* |
| Karen L. Morris | David H. Weinstein |
| Patrick F. Morris | Robert S. Kitchenoff |

*Bondholder Settlement Class Counsel*